Shearing, C. J.,
with whom Maupin, J., joins, dissenting:
I do not agree that the prosecutor violated the plea agreement by presenting evidence to the court at sentencing to rebut the defendant ’ s contentions.
Statz contends that the prosecutor’s presentation of evidence at the sentencing hearing violated his agreement to stipulate to the sentence. I disagree. The evidence that the prosecutor presented was in response to Statz’s attempt to minimize his own culpability. The prosecutor, as an officer of the court, is obligated to present any information that reasonably might bear on the sentence for the defendant. United States v. Williamsburg Check Cashing Corp., 905 F.2d 25, 28 (2d Cir. 1990). The prosecutor’s action in this case is of the type specifically approved in United States v. Block, 660 F.2d 1086, 1091 (5th Cir. 1981), cert. denied, 456 U.S. 907 (1982), where the Court said, “Efforts by the Government to provide relevant factual information or to *997 correct misstatements are not tantamount to taking a position on the sentence and will not violate the plea agreement.”
The prosecutor presented the testimony of the victim’s father to corroborate a statement in the presentence report to which Statz objected. When the defendant denies an allegation, and the prosecution has evidence to support the allegation, the prosecution is obligated to present that evidence to the court.
Similarly, when a defendant in Statz’s position attempts to deny his own culpability in a murder, despite a guilty plea, I see nothing improper in permitting the prosecutor to inform the court of the evidence as he views it.
In this instance, the stipulation of the State and the evidence, as presented by both the prosecutor and the defendant, came before the court. The district court could and did properly consider both in determining the appropriate sentence. Therefore, I would affirm the judgment of conviction.